## GORGOL v. GORGOL.

Circuit Court, Dade County.

October 22, 1952.

Mallory H. Horton and Ellis F. Rubin, both of Miami, for plaintiff.

Charles J. Bellew, Johnson City, N. Y., for defendant.

CHARLES A. CARROLL, Circuit Judge.

This cause came on to be heard before me on plaintiff's motion for modification of final decree to reduce the amount of support money for the two minor children of the parties, and the court having considered the record of the case and statements of the plaintiff and his attorney, and an affidavit filed herein on behalf of the defendant, it is hereby found, ordered, adjudged and decreed as follows—

Under the final decree dated January 4, 1952, it was provided that the plaintiff should pay to defendant for the care and support of the two minor children the sum of $100 per month; that the plaintiff was at the time of the decree, and still is, an enlisted man in the Navy, and that in making up the amount of $100 per month the plaintiff receives a substantial part thereof from the Government as a direct result of his obligation for support under the decree, so that the actual cost of the plaintiff is substantially less than $100 per month.

That the financial circumstances of the parties as they may affect the obligation of the father to support the children are not changed since the final decree.

It appears that the plaintiff urged two reasons for the reduction. One was his contention that there was an oral agreement (not reflected in the record) that the defendant, the mother, who has custody of the children, would continue living here where he could visit with the children. That fact is denied by defendant in her affidavit. The other was that she appears to be intentionally or spitefully withholding the right of visitation by having moved away and by refusing or preventing him from seeing the children when he was on a visit to Johnson City, New York, where she lives. That also was denied by defendant. I am not satisfied that there was not some effort, spiteful or otherwise, on the part of the mother of the children to prevent the plaintiff from seeing or visiting with them. Certainly, if the defendant counts on receiving the benefits of the final decree in her favor, she must definitely and openly accept and comply with the provisions therein which favor the plaintiff, and he is entitled to her full cooperation in connection with such infrequent visits as he may make with the children.

The removal of the defendant from this jurisdiction does not affect her right to receive support money for the children under the final decree nor can it operate as a basis to relieve the husband from his obligation to support the children or modify the decree as to the amount of support. As long as alimony is not being paid for the support of a wife, she is free to move, with the children, to such location as she feels is to her own interest and particularly, as in this case, to her former home where she could expect the benefit and possible help of family and friends.

The application for modification of the decree to reduce support money is denied without prejudice.